UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION



CHARLES and LISA JOHNSON,           ]
                                    ]
    Plaintiffs,                     ]
                                    ]
vs.                                 ]   CV-03-CO-1402-NE
                                    ]
SIGMA-ALDRICH, INC., et al.,        ]
                                    ]
    Defendants.                     ]

MEMORANDUM OF OPINION

**ENTERED**
OCT 0 9 2003

I.   INTRODUCTION.

Presently before the court is the Motion to Dismiss or, in the Alternative, Motion to Stay Proceedings filed by Sigma-Aldrich, Inc., (hereinafter "Sigma")[Doc. #10], a similar motion filed by Eli Lilly and Company (hereinafter "Eli Lilly")[Doc. #11], and a Motion to Dismiss filed by Wyeth [Doc. #13]. The issues raised therein have been fully briefed by the parties and are now ripe for decision. Upon due consideration, the court is of the opinion that the motions to dismiss are due to be denied, and the motions to stay are due to be granted.

II.  FACTUAL SUMMARY.

The complaint, filed on June 12, 2003, seeks damages from the defendants based on various state law claims including the Alabama Extended Manufacturer's Liability Doctrine (AEMLD), Count I; Negligence/Wantonness, Count II; AMLD/Negligence/Wantonness, Count III; Fraud/Conspiracy, Count IV; and Loss of Services, Count V.

All of the counts seek damages on behalf of the plaintiffs who are the parents of a minor child, Landon Johnson (hereinafter "Landon").

In the complaint, the plaintiffs contend that Landon ". . . suffers from the effects of Mercury poisoning caused by the conduct of the Defendants . . . ." (Compl. ¶ 1) [Doc. #1]. Landon received vaccinations from November of 1995 through March of 1997 that Plaintiffs contend contained high doses of mercury. They assert that the mercury was contained in thimerosal, a preservative added to the vaccines with which Landon was injected. (Compl. ¶ 14) [Doc. #1].

Plaintiffs claim that the defendants manufactured, sold, distributed, marketed and promoted the vaccines containing thimerosal ". . . without adequate testing, without any adequate warnings and despite the ready availability of a substitute preservative." (Compl. ¶ 15) [Doc. #1]. Finally, the plaintiffs allege that the defendants misrepresented and concealed facts thereby causing injury to the plaintiffs. (Compl. ¶¶ 49-55) [Doc. #1].

Plaintiffs seek damages on behalf of themselves, not Landon. *See* Compl. [Doc. #1]. On May 11, 2003, Landon, through Plaintiffs as his parents, filed a claim with the United States Court of Federal Claims. (Compl. ¶ 2) [Doc. #1]. Landon's claim is still pending before the United States Court of Federal Claims.

Defendants argue in their motions that the National Vaccine Injury Compensation Act (Vaccine Act) requires that the plaintiffs' complaint be dismissed as a ". . . civil action alleging 'vaccine-related' injuries. . . ." (See e.g. Mot. to Dismiss, at 1) [Doc. #10]. In the alternative, each Defendant seeks to have this court stay the proceedings while the Vaccine Court considers Landon's claim. Defendants further argue that the plaintiffs' complaint should be dismissed because of its failure to state a cause of action upon which relief can be granted.

III. DISCUSSION.

    A. State Law Grounds for Dismissal.

The defendants have challenged the sufficiency of the complaint under Rule 12(b)(6), which provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. The defendants urge this court to dismiss Count I, Count II, and Count III in short because the plaintiffs were not themselves the recipient of the vaccine. The defendants seek to have Count IV dismissed because the plaintiffs failed to specifically allege a particular statement made by any one Defendant or agent thereof and to have Count V dismissed because it fails to state a claim that is cognizable under state law.

A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claims which would entitle them to relief.

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In deciding a Rule 12(b)(6) motion, the court must accept as true all well-pleaded factual allegations and view them in the light most favorable to the plaintiffs. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir. 1988).

The claims set forth in Counts I through III are traditionally made part of a complaint wherein a parent sues on behalf of the minor child and if the parent has an individual claim, the parent joins in the complaint for relief in his or her own right. The claims of the child and his parents in this case are not made together because the child's claims must first be presented in the Vaccine Court.[1]  See 42 U.S.C. § 300 aa-11(a)(2)(A); *Shalala v. Whitecotton*, 514 U.S. 268, 270 (1975).

Defendants argue that since the plaintiffs are not the ones who actually received the vaccination they cannot state a claim under AEMLD or negligence/wantonness. This argument ignores the fact that the plaintiffs allege that their minor child received the vaccination and was injured. In Alabama, parents are entitled to ". . . commence an action for an injury to their minor child . . . ." Ala. Code § 6-5-390 (1975). This statute does not state that the action must be in the name of the minor child or that the parents' claims be made in conjunction with the claims of the minor

---

[1] This court assumes from the allegations of the complaint that the minor child's individual claim exceeds $1000.

child. In a case where a parent filed a separate action, Alabama, at least by implication, recognized the right of a parent to recover in a separate action, as damages ". . . resulting from the negligent bodily injury of [a] minor child, medical expenses in treating such injuries, and compensation for loss of services." *Franklin v. Georgia Casualty Co.*, 141 So. 702, 704 (Ala. 1932). If the child receives permanent injuries, the recoverable damages are such as will compensate the parent for the loss of the child's services up to the time of his majority. *Birmingham Ry. Light and Power Co. v. Chastain*, 48 So. 85, 88 (Ala. 1908); *Smith v. Richardson*, 171 So. 2d 96, 100 (Ala. 1965).

Defendants cite this court to the unpublished opinion in the case of *Carr v. Aventis Pasteur, Inc.*, No. CV-02-J-3096-NE, slip op. (N.D. Ala. Feb. 27, 2003) in support of the position that the wantonness and negligence claims should be dismissed. In that opinion the learned judge dismissed such claims, finding that they had merged ". . . into the claim for AEMLD." *Id.* at 3. But since that opinion was rendered, the Alabama Supreme Court has clarified its previous stand on the effect of the AEMLD on such related theories of recovery. See *Spain v. Brown & Williamson*, 2003 WL 21489727 (Ala. June 30, 2003). To paraphrase a comedian, the rumors of the death of the negligence and wantonness claims when joined with an AEMLD claim were greatly exaggerated.

Defendants contend that Count IV should be dismissed for the failure of the plaintiffs to specify the details of the representations made by Defendants. They further assert that since the fraud claim is to be dismissed, the conspiracy claim should likewise be dismissed. This court is inclined to grant an order requiring the plaintiffs to amend their complaint stating with particularity any and all statements relied upon, as well as the specific source of such statements but not to dismiss the claim. This amendment should be made within twenty days of this court's order lifting the stay entered along with this opinion.

Plaintiffs' Loss of Services claim set out in Count V states an item of damage, not a separate cause of action. To the extent it is couched as a separate cause of action, it is due to be dismissed.

B. Grounds for Dismissal Under Vaccine Act.

"The National Childhood Vaccine Injury Act represents an effort to provide compensation to those harmed by childhood vaccines outside the framework of traditional tort law." *Schafer v. American Cyanamid Co.*, 20 F.3d 1, 2 (1st Cir. 1994). Pursuant to the Act, individuals with claims in excess of $1000 are required to petition the Vaccine Court for compensation before filing an action in any other court. See 42 U.S.C. § 300aa.

Defendants maintain that the plaintiffs must file a claim in the United States Court of Federal Claims prior to proceeding in

this action. Plaintiffs insist that since they are only proceeding on their individual claims, they are not required to file such a claim. This court agrees.

> The language that creates the bar, § 300aa-11(a), says: "[n]o person may bring a civil action for damages" (except in accordance with the Act's Vaccine-Court-related rules) until a Vaccine Court petition "has been filed." It then states specifically that "this subsection" (i.e. the subsection with the tort action bar):
> *applies only to a person* who has sustained a vaccine-related injury or death and *who is qualified to file a petition for compensation under the Program.*
> 42 U.S.C. § 300aa-11(a)(9) (emphasis added). A person "is qualified to file a petition" only if that person suffered a relevant injury or death after he or she "received a vaccine ... or contracted polio from another person who received an oral polio vaccine." *Id.* § 300aa-11(c)(1)(A).
> That is to say, unless a person "received a vaccine" or, . . . caught polio from someone who did (or is the legal representative of such a person), he cannot file a petition. *See, e.g., Head v. Secretary of Health and Human Servs.*, 26 Cl.Ct. 546, 547 n. 1 (1992) (parent of injured child cannot petition except in representative capacity), *aff'd,* 996 F.2d 318 (Fed.Cir.1993). And, if he cannot file a petition with the Vaccine Court, the Act says that its tort suit ban does not apply to him.

*Schafer v. American Cyanamid Co.*, 20 F.3d 1, 5 (1st Cir. 1994).

Much effort was spent by the parties in their briefs dealing with the question of whether thimerosal should be considered by this court to be a component of the vaccine. The plaintiffs argued

that it is not and therefore they are not bound by the Vaccine Act. The defendants put forth the opposite argument. While this court would adopt the various opinions finding that thimerosal is a component and thus included under the Vaccine Act, such determination is not necessary to this court's ruling.[2]

Defendants argue that since some of the damages claimed by the plaintiffs are also recoverable under the Vaccine Act, the plaintiffs complaint should be dismissed. They contend that to do otherwise would frustrate the purpose of the Vaccine Act. This court recognizes that there could be overlap in the claims for damages, especially in the area of medical care, but this court will not dismiss the complaint when a less severe course of action will remedy the concerns. The defendants have requested a stay which is more appropriate under the circumstances of this case.

C. Issuance of Stay.

Defendants argue as a last resort that the case should be stayed pending the outcome of the claim in the United States Court of Federal Claims. Plaintiffs are opposed to the stay.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248,

---

[2]*See e.g.*, *Leroy v. Secretary of HHS*, No. CIV.A.02-395-V, 2002 WL 31730680 (Fed. Cl. Oct. 11, 2002).

254 (1936). Some of the factors that militate for a stay in this case have already been discussed in this opinion. There is a potential for overlapping damages, a potential for inconsistent verdicts, and unless the plaintiffs are in a position to waive the filing of a subsequent claim on behalf of the minor child after the requirements of the Vaccine Act are satisfied, there will probably be an amendment to the complaint to add the claims of the minor child. It would be in the best interest of all concerned and in the interest of judicial economy to conduct discovery and pretrial motions once rather than twice.

IV. CONCLUSION.

In conclusion, the motions to dismiss are to be denied, an amendment to the complaint is to be ordered requiring the plaintiffs to amend Count IV to state with particularity any and all statements relied upon, as well as the specific source of such statements. This amendment should be made within twenty days of this court's order lifting the stay entered along with this opinion. The Motions to Stay are to be granted. A separate order will be entered.

Done, this \_\_\_\_9th\_\_\_\_ of October, 2003.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE